**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|   |   |
|---|---|
| MOHAMMED HAIDER ALI, | |
| Petitioner, | Civil Action No. 11-2072 (FSH) |
| v. | **O P I N I O N** |
| WARDEN OSCAR AVILES, et al., | |
| Respondents. | |

**APPEARANCES:**

Mohammed Haider Ali, <u>Pro Se</u>
Hudson County Jail
30-35 South Hackensack Ave.
Kearny, NJ 07032

Colette R. Buchanan
Asst. U.S. Attorney
970 Broad Street
Suite 700
Newark, NJ 07102
Attorney for Respondents

**HOCHBERG**, District Judge

Petitioner Mohammed Haider Ali, an immigration detainee currently confined at the Hudson County Jail, Kearny, New Jersey, submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  After Order of this Court, Petitioner filed an

---

[1] Section 2241 provides in relevant part:
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Amended Petition on January 23, 2012, naming the warden of the Hudson County Jail as a respondent (docket entry 22). Respondents have filed numerous letters to this Court, to provide information as to Petitioner's pending immigration case. The Court has reviewed all submissions. For the following reasons, the Petition will be dismissed.

### BACKGROUND

The following facts are taken from the Petition, Amended Petition, and various motions and the case record entered on the docket of this matter.

Petitioner is a native and citizen of Bangladesh, who arrived in the United States in December of 1991 with a counterfeit visa. He was paroled into the United States because he expressed fear of returning to Bangladesh. Petitioner applied for asylum, but failed to appear for his immigration appointments.

In March of 2010, the Immigration and Customs Enforcement ("ICE") began removal proceedings against Petitioner. He was informed that he was removable as an alien who, by fraud or willful misrepresentation, sought to procure a visa for admission, under Section 212(a)(6)(c)(i) of the Immigration and Nationality Act ("INA"). He was also subject to removal as an immigrant who did not possess a valid entry document, under 212(a)(7)(A)(i)(I) of the INA. He was taken into ICE custody on

March 25, 2010 and held pending his appearance before an Immigration Judge ("IJ").

On April 2, 2010, and on occasions thereafter, Petitioner appeared before the IJ. His requests for parole were denied. Due to delays in his case, Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture were not filed until January 3, 2011. A hearing was held on various dates through August 25, 2011.

On April 12, 2011, during the pendency of his IJ matter, Petitioner filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. He originally appeared with counsel, but was deemed to be proceeding pro se by Order of this Court dated September 9, 2011 (docket entry 17). Petitioner's Amended Petition asserts that he should be released from custody during the pendency of his immigration proceedings (Amended Petition, docket entry 22).

Respondents filed a letter on May 21, 2012, attaching the Board of Immigration Appeals ("BIA") decision dismissing Petitioner's appeal of his IJ decision. Respondents point out that the removal order is now administratively final. As such, Petitioner's detention is governed by 8 U.S.C. § 1231, requiring detention of an alien subject to a final order of removal.

**DISCUSSION**

**A.    Legal Standard**

    1.    Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless ... [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of ICE at the time he filed his Petition, see Spencer v. Kemna, 523 U.S. 1, 7 (1998), and construing the petition liberally, he asserts that his mandatory detention is not statutorily authorized by 8 U.S.C. § 1226(c) and violates his due process rights.  See Zadvydas v. Davis, 533 U.S. 678, 699 (2001); Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir. 2005).

    2.    Mootness

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or

controversies" between parties.  U.S. Const. Art. III, § 2.  This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have 'a personal stake in the outcome' of the lawsuit."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

The statutory authority to detain an alien depends on where the alien is in the removal process.  Thus, to determine whether the case is moot requires an examination of the statutes governing an alien's detention.  Three relevant statutes govern an alien's detention during removal proceedings: Section 1226, Section 1231(a)(2) and Section 1231(a)(6).

Title 8 of the United States Code, section 1226 governs the pre-removal-period detention of an alien.  Generally, pursuant to Section 1226, the Attorney General has the authority to arrest and detain an alien pending a decision on whether the alien is to be removed from the United States.  Section 1226 also sets certain parameters for pre-removal-period detention, including when detention is mandatory (such as in the case of criminal aliens) and when a bond hearing must be held.

The second relevant removal statute is 8 U.S.C. § 1231(a)(2). Section 1231(a)(2) requires the Attorney General to detain aliens during the removal period, which lasts 90 days. See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). Under § 1231(a)(1)(B), the removal period begins at the latest of several events. Specifically,

> [t]he removal period begins on the latest of the following:
> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

The third relevant removal statute is 8 U.S.C. § 1231(a)(6). Section 1231(a)(6) provides the Attorney General with discretionary authority to detain aliens beyond the removal period, or release them under supervision. Thus, if DHS does not remove the alien within the 90 day removal period, then § 1231(a)(6) authorizes the Attorney General to either release or continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with

>  the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6); see Zadvydas, 533 U.S. at 678.

In Zadvydas, the Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." Zadvydas, 533 U.S. at 689.  The Court cautioned that, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by [§ 1231(a)(6) ]." Id. at 699.  To guide habeas courts, the Court recognized six months as a "presumptively reasonable period" of post-removal-period detention.  Id. at 701.  "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.  And for detention to remain reasonable, as the period of prior post removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Id.  See also Clark v. Martinez, 543 U.S. 371 (2005).

**B.   Analysis**

To determine whether Petitioner's present detention is still governed by Section 1226, this Court must determine whether or

7

not the removal period has begun. As previously discussed, the removal period begins on the latest of three dates: (i) the date the order of removal becomes administratively final; (ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or (iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. See 8 U.S.C. § 1231(a)(1)(B).

Accordingly, in the absence of a stay, Petitioner's removal period is governed by subsection (i), and began on the date the order of removal became administratively final, i.e., May 9, 2012 (when the BIA affirmed the order of removal).[2] Accordingly, Petitioner's 90-day removal period began on May 9, 2012, and will expire on or about August 8, 2012. As previously stated, Section 1231(a)(2) requires the Attorney General to detain aliens during the removal period, which lasts 90 days. See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien").

Although Petitioner's detention is no longer governed by § 1226(c), his § 2241 Petition is not necessarily moot. Cases that

---

[2] An order of removal becomes "final upon the earlier of-(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B).

are "capable of repetition" while "evading review," Turner v. Rogers, --- U.S. ----, ----, 131 S.Ct. 2507, 2511, 180 L.Ed.2d 452 (June 20, 2011), fall within an exception to mootness. See Diop v. ICE/Homeland Security, 656 F.3d 221 (3d Cir. 2011). "This exception applies when '(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again.'" Id. at 227 (quoting Weinstein v. Bradford, 423 U.S. 147, 149 (1975)).

Petitioner's case is distinguishable from that of the petitioner in Diop. In Diop, the Third Circuit held that a challenge to an 8 U.S.C. § 1226(c) detention was not moot even though the petitioner had been released from custody after determining that the challenge fell within the "special mootness exception for cases that are capable of repetition while evading review." Diop, 656 F.3d at 227 (internal citation and quotation omitted). However, unlike the Petitioner in this case, Diop was not subject to a final order of removal and had been released from detention after his criminal conviction was vacated. As a result, the Third Circuit found that Diop's claim was capable of repetition because the Government could once again detain him under § 1226(c) if the vacatur of his conviction was overturned on appeal. See id. at 228.

9

Since Petitioner is no longer detained under § 1226(c), and his case does not satisfy the "capable of repetition yet evading review" exception to mootness, this Court will dismiss the petition as moot.[3]  See Rodney v. Mukasey, 340 Fed. Appx. 761, 764 (3d Cir. 2009) (appeal of order dismissing § 2241 petition challenging pre-removal-period detention under 8 U.S.C. § 1226(c) became moot when BIA dismissed appeal from order of removal: "The injury alleged, unreasonably long pre-final order of removal detention under 8 U.S.C. § 1226(c), can no longer be redressed by a favorable judicial decision"); Ufele v. Holder, 2012 WL 1065877 (3d Cir. March 30, 2012).  This Court will dismiss the Petition and deny Petitioner's claims as moot.

## CONCLUSION

For the reasons set forth above, the Petition must be dismissed.  An appropriate order follows.




                                    s/ Faith S. Hochberg
                                    FAITH S. HOCHBERG
                                    United States District Judge

Dated: July 9, 2012

---

[3]  The dismissal is without prejudice to the filing of a new § 2241 petition (in the district of Petitioner's detention) in the event that the DHS is unable to remove Petitioner under § 1231(a)(6), and Petitioner can assert facts showing good reason to believe that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future.